IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE M. COMBS and STEVEN COMBS,<br><br>        Plaintiffs,<br><br>    v.<br><br>STRYKER CORPORATION, a Michigan Corporation; STRYKER SALES CORPORATION, a Michigan Corporation; MCKINLEY MEDICAL, L.L.C., a Colorado Corporation; MOOG, INC., a New York Corporation; ASTRAZENECA PLC, a United Kingdom Corporation; ASTRAZENECA PHARMACEUTICALS LP, a Delaware Corporation; ASTRAZENECA LP, a Delaware Corporation; ZENECA HOLDINGS, INC., a Delaware Corporation; and DOES 1 through 50,<br><br>        Defendants.<br>_____/ | Case No. 2:09-cv-02018-JAM-GGH<br><br><u>ORDER GRANTING DEFENDANTS'<br>     MOTION TO DISMISS</u> |

   This matter comes before the Court on Defendants'

AstraZeneca Pharmaceuticals LP and AstraZeneca LP's

1

("Defendants'") Motion to Dismiss Plaintiffs Julie M. Combs and Steven Combs' ("Plaintiffs'") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. Defendants also brought a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f), which Plaintiffs do not oppose.[1] For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Julie M. Combs ("Julie") underwent arthroscopic shoulder surgery in April 2006. A pain pump was inserted in her shoulder after surgery to inject pain relief medication on a continuous basis for 72 hours post-surgery. Subsequently, she suffered loss of cartilage in the shoulder joint, which her doctor attributed to the pain pump's dangerously high doses of anesthetic medication into the shoulder joint. Julie thereafter required total shoulder replacement surgery, and brought this suit alleging strict products liability, negligence and breach of warranty against distributors of the pain pump and the anesthetic. Plaintiff Steven Combs alleges loss of consortium.

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

OPINION

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Sheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely 'consistent with' defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal

129 S.Ct. 1949 (internal citations omitted). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F. 2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a <u>presumption</u> under Rule 15(a) in favor of granting leave to amend." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F. 3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Id</u>. Accordingly, a court should grant leave to amend the complaint unless the futility of amendment warrants dismissing a claim with prejudice.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions to this rule: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. <u>Sherman v. Stryker Corporation</u>, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Here, the Court has

4

taken judicial notice of documents which are matters of public record, as requested by Defendants.

B. Claims

   Plaintiffs bring causes of action for strict products liability, negligence, breach of warranty, and loss of consortium. However, Defendants argue that Plaintiffs fail to state a claim against them because, as a threshold matter, Defendants did not distribute the drug that was allegedly given to Julie. The Complaint alleges that Julie received Marcaine via the pain pump, and that Defendants distributed and sold Marcaine during the relevant time period. However, Defendants argue that they did not distribute or sell the drug Marcaine during the relevant time period, and judicially noticed public documents confirm this fact.  Plaintiffs' Opposition brief concedes the issue, agreeing with Defendants that Marcaine was not distributed or sold by Defendants in the United States during the relevant time period.

    Plaintiffs' Opposition then raises the new allegation that while Julie's medical records state that the drug she received via the pain pump was Marcaine, she may have received some other drug distributed and sold by Defendants. They ask the Court not to dismiss their claims against Defendants at this time, or to do so without prejudice so that claims may be re-filed, should

5

discovery reveal that the drug given to Julie was actually not Marcaine but rather another drug, such as Sensorcaine which was distributed and sold by Defendants during the relevant time period.

   Plaintiffs' Opposition alleges that other pain pump litigation has revealed that the brand name "Marcaine" is sometimes used by doctors as a generic reference to other drugs in the "bupivacaine" anesthetic family. Plaintiffs assert that one cannot trust the brand name that is written in the medical records, as it could refer to other similar drugs. Taking this allegation as true, Plaintiffs are effectively alleging that Julie could have been given any one of a number of anesthetic drugs.

   The court in the Central District of California recently ruled on a similar pain pump case, finding that where plaintiffs alleged that the drug given could have been any of a number of similar drugs, claims against defendant drug companies should be dismissed with prejudice. The court did not give plaintiffs the opportunity to proceed and conduct discovery, noting that, "there are not even enough facts for a reasonable inference of liability. . . At most, the complaint alleges that [defendants] could have been one of many different types or brands of medications that might have been administered to [plaintiff]. This is insufficient under Twombly." Sherman v. Stryker

Corporation, 2009 WL 2241664 at *5 (C.D. Cal. Mar. 30, 2009). The Sherman court dismissed the defendant drug companies with prejudice, stating that if plaintiff wished to conduct discovery against certain drug manufacturers in particular, at a minimum she needed to allege the name or type of medication at issue. Id.

Here, Plaintiffs have made contradictory claims regarding the name or type of medication at issue. If Plaintiffs maintain their original allegation that the drug at issue is Marcaine, Defendants cannot be held liable because they did not distribute Marcaine. If Plaintiffs maintain the new allegation raised in their Opposition, that the medical records may not accurately reflect what drug was given, then any number of anesthetic drugs could have been given and Plaintiffs are merely speculating that Defendants could be liable. Thus Plaintiffs' allegations do not plead adequate facts for even an inference of Defendants' liability, and their claims against Defendants cannot stand. Accordingly, the Defendants' Motion to Dismiss is GRANTED. Because the Court is granting the Motion to Dismiss without

//
//
//
//

leave to amend, Defendants' Motion to Strike is moot.

## III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is hereby GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: December 11, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE