IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE M. COMBS and STEVEN COMBS, | CIV. S-09-2018 JAM GGH |
| Plaintiffs, | |
| v. | STATUS (Pre-trial Scheduling) ORDER |
| STRYKER CORPORATION, et al | |
| Defendants. | |

_____/

After review of the Joint Status Report, the court makes the following order:

SERVICE OF PROCESS

All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

1    <u>JURISDICTION AND VENUE</u>

2        Jurisdiction and venue are not contested.

3                  <u>FICTITIOUSLY-NAMED DEFENDANTS</u>

4        This action, including any counterclaims, cross-claims, and

5    third party complaints is hereby DISMISSED as to all DOE or other

6    fictitiously-named defendants.

7                  <u>MOTION HEARINGS SCHEDULES</u>

8        All dispositive motions shall be filed by October 19, 2011.

9    Hearing on such motions shall be on November 16, 2011 at

10   9:30 a.m.

11   **The parties are reminded of the notice requirements as outlined**

12   **in Local Rule 230(b).**

13       The time deadline for dispositive motions does not apply to

14   motions for continuances, temporary restraining orders or other

15   emergency applications.

16       **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

17   **DAY DUE.**

18       All purely legal issues are to be resolved by timely pre-

19   trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>

20   are procedural devices designed to address the admissibility of

21   evidence and are cautioned that the court will look with disfavor

22   upon substantive motions presented at the final pre-trial

23   conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The

24   parties are further cautioned that if any legal issue which

25   should have been tendered to the court by proper pre-trial motion

26   requires resolution by the court after the established law and

1 motion cut-off date, substantial sanctions may be assessed for

2 the failure to file the appropriate pre-trial motion.

3 **Unless prior permission has been granted, memoranda of law**

4 **in support of and in opposition to motions are limited to twenty-**

5 **five (25) pages, and reply memoranda are limited to ten (10)**

6 **pages.  The parties are also cautioned against filing multiple**

7 **briefs to circumvent this rule**.

8 DISCOVERY

9 All discovery shall be completed by August 23, 2011.  In

10 this context, "completed" means that all discovery shall have

11 been conducted so that all depositions have been taken and any

12 disputes relative to discovery shall have been resolved by

13 appropriate order if necessary and, where discovery has been

14 ordered, the order has been complied with.

15 DISCLOSURE OF EXPERT WITNESSES

16 The plaintiffs shall make expert witness disclosures under

17 Fed. R. Civ. P. 26(a)(2) by April 19, 2011.  Defendants shall

18 make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by

19 May 24, 2011.  Supplemental disclosure and disclosure of any

20 rebuttal experts under Fed. R. Civ. P. 26(a)(2)(c) shall be made

21 by June 21, 2011.

22 Failure of a party to comply with the disclosure schedule as

23 set forth above in all likelihood will preclude that party from

24 calling the expert witness at the time of trial absent a showing

25 that the necessity for the witness could not have been reasonably

26 anticipated at the time the disclosures were ordered and that the

1 failure to make timely disclosure did not prejudice any other

2 party.  See Fed. R. Civ. P. 37(c).

3       All experts designated are to be fully prepared at the time

4 of designation to render an informed opinion, and give their

5 reasons therefore, so that they will be able to give full and

6 complete testimony at any deposition taken by the opposing

7 parties.  Experts will not be permitted to testify at the trial

8 as to any information gathered or evaluated, or opinion formed,

9 after deposition taken subsequent to designation.

10                     JOINT MID-LITIGATION STATEMENTS

11       Not later than fourteen (14) days prior to the close of

12 discovery, the parties shall file with the court a brief joint

13 statement summarizing all law and motion practice heard by the

14 court as of the date of the filing of the statement, whether the

15 court has disposed of the motion at the time the statement is

16 filed and served, and the likelihood that any further motions

17 will be noticed prior to the close of law and motion.  The filing

18 of this statement shall not relieve the parties or counsel of

19 their obligation to timely notice all appropriate motions as set

20 forth above.

21                     FINAL PRE-TRIAL CONFERENCE

22       The final pre-trial conference is set for January 20, 2012

23 at 2:00 p.m.  In each instance an attorney who will try the case

24 for a given party shall attend the final pretrial conference on

25 behalf of that party; provided, however, that if by reason of

26 illness or other unavoidable circumstance the trial attorney is

4

1  unable to attend, the attorney who attends in place of the trial
2  attorney shall have equal familiarity with the case and equal
3  authorization to make commitments on behalf of the client.  All
4  pro se parties must attend the pre-trial conference.

5      Counsel for all parties and all pro se parties are to be
6  fully prepared for trial at the time of the pre-trial conference,
7  with no matters remaining to be accomplished except production of
8  witnesses for oral testimony.  The parties shall file with the
9  court, no later than seven days prior to the final pre-trial
10  conference, a joint pre-trial statement.
11  **Also at the time of filing the Joint Pretrial Statement, counsel**
12  **are requested to e-mail the Joint Pretrial Statement in WPD or**
13  **Word format to Judge Mendez's assistant, Jane Pratt**
14  **at: jpratt@caed.uscourts.gov.**

15      Where the parties are unable to agree as to what legal or
16  factual issues are properly before the court for trial, they
17  should nevertheless list all issues asserted by any of the
18  parties and indicate by appropriate footnotes the disputes
19  concerning such issues.  The provisions of Local Rule 16-281
20  shall, however, apply with respect to the matters to be included
21  in the joint pre-trial statement.  Failure to comply with Local
22  Rule 16-281, as modified herein, may be grounds for sanctions.

23      The parties are reminded that pursuant to Local Rule 281,
24  they are required to list in the final pre-trial statement all
25  witnesses and exhibits they propose to offer at trial, no matter
26  for what purpose.  These lists shall not be contained in the body

of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### TRIAL SETTING

Jury trial in this matter is set for March 5, 2012 at 9:00 a.m.  The parties estimate a trial length of approximately 15 days.

SETTLEMENT CONFERENCE

2     No Settlement Conference is currently scheduled.  If the

3 parties wish to have a settlement conference, one will be

4 scheduled at the final pretrial conference or at an earlier time

5 upon request of the parties.

6

7     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

8     This Status Order will become final without further Order of

9 Court unless objection is lodged within seven (7) days of the

10 date of the filing of this Order.

11     IT IS SO ORDERED.

12 Dated:  January 29, 2010

13

                 /s/ John A. Mendez
14                 JOHN A. MENDEZ
                 United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26