UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Apr 14, 2010**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

IN RE: AMBULATORY PAIN PUMP-CHONDROLYSIS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2139

## ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiffs in one action pending in the District of Minnesota and two actions pending in the Southern District of Ohio have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Minnesota. The litigation currently consists of the 102 actions listed on Schedule A.[1]  Movants request that the Panel exclude from centralization an additional twelve actions (seven Eastern District of Kentucky actions and five Southern District of Ohio actions), on the ground that they are too procedurally advanced to benefit from centralization.

I.

Most responding plaintiffs support centralization, but some, like movants, request exclusion of certain actions from centralized proceedings.  For example, the self-described "Oregon/Multi-State Plaintiffs" (plaintiffs in 60 constituent actions and fourteen potential tag-along actions) ask that the three oldest District of Oregon actions be excluded from centralization, contending that those actions are nearly trial-ready.  Similarly, plaintiffs in Southern District of Ohio *West* argue that their action is essentially as advanced as the five other actions pending in that district which movants seek to have excluded from centralization.  Plaintiff in District of Arizona *Lopez* (a/k/a *Miller*) opposes centralization as to the several pending actions in that district against I-Flow Corp. (I-Flow), on the ground that the presiding judge has already consolidated those actions for pretrial purposes.

Responding plaintiffs disagree as to an appropriate transferee district.  Plaintiffs in District of Minnesota *Cramlet* and District of Utah *Creech* support selection of the District of Minnesota.  The Oregon/Multi-State Plaintiffs favor the District of Oregon, as do plaintiffs in five Eastern District of Pennsylvania actions.  Plaintiffs in seven constituent actions and seven potential tag-along actions advocate the Eastern District of New York (or in the alternative, the District of New Jersey, the District of Oregon, or the District of Minnesota – in that order).

Responding defendants, for the most part, oppose centralization.  These defendants include DJO, LLC; DJO, Inc.; DonJoy, Inc.; D.J. Orthopedics, Inc.; Reable Therapeutics, Inc.; Reable

---

[*]     Judges Heyburn, Miller, and Trager took no part in the disposition of this matter.

[1]     There are more than 70 additional related actions pending in various districts.

- 2 -

Therapeutics, L.L.C.; Pacific Medical, Inc.; Stryker Corp.; Stryker Sales Corp.; Breg, Inc.; Zimmer, Inc.; Zimmer Holdings, Inc.; AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca Holdings Inc.; APP Pharmaceuticals, LLC; APP Pharmaceuticals, Inc.; Abraxis BioScience, LLC; Abraxis BioScience, Inc.; Hospira, Inc.; Abbott Laboratories; Advanced Technology of Kentucky, Inc. (d/b/a Advanced Technologies, Inc.); and Smith and Nephew.  If the Panel orders centralization over their objections, then most of these defendants, to the extent they express a preference, support selection of the District of Colorado as transferee district.

Some defendants, however, support the Section 1407 motion, either in part or in whole.  I-Flow argues that the Panel should centralize, without exception, all actions involving alleged injury to the shoulder (as opposed to the knee or ankle), but only for pretrial proceedings on the issues of general causation and product identification, after which, in I-Flow's view, the actions would be remanded to their respective transferor courts.  McKinley Medical, LLC, Curlin Medical Inc., and Moog Inc., by contrast, support centralization of all actions, including those few involving alleged injury to the knee or ankle.  SMI Liquidating, Inc. (f/k/a Sorenson Medical, Inc.), Sorenson Medical Products, Inc., Sorenson Development Inc., SDI Residual Assets LLC, and James Lee Sorenson (collectively the Sorenson Defendants) state that they are not opposed to centralization, so long as no actions – especially those pending in the Eastern District of Kentucky – are carved out of centralized proceedings.  With respect to a transferee district, I-Flow's first choice is the Northern District of Illinois, but the McKinley, Curlin, and Moog defendants and the Sorenson Defendants favor the District of Colorado.

II.

This litigation comes before us for a second time.  In August 1988, we denied centralization in MDL No. 1966, In re:  Shoulder Pain Pump-Chondrolysis Products Liability Litigation.  That docket involved a total of thirteen actions (including several of the 102 actions in this docket), as well as eighteen potential tag-along actions.  Moving plaintiffs sought centralization in the District of Oregon, and responding plaintiffs supported centralization in either that or another district.  All responding defendants, however, opposed centralization.

In our order denying the Section 1407 motion in MDL No. 1966, we stated:

Although these personal injury actions have some commonality as to whether shoulder pain pumps and/or the anesthetic drugs used in those pumps cause glenohumeral chondrolysis, an indeterminate number of different pain pumps made by different manufacturers are at issue, as are different anesthetic drugs made by different pharmaceutical companies. Moreover, not all of the thirteen constituent actions involve pharmaceutical company defendants, and many defendants are sued only in a minority of those actions.  The proponents of centralization have not convinced us that the efficiencies that might be gained by centralization would not be overwhelmed by the multiple individualized issues (including ones of liability and causation) that these actions appear to present.   The parties can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.

- 3 -

*In re:  Shoulder Pain Pump-Chondrolysis Products Liability Litigation*, 571 F.Supp.2d 1367, 1368 (J.P.M.L. 2008) (footnotes omitted).

### III.

On the basis of the papers filed and hearing session held, we will deny the Section 1407 motion.  Like the actions in MDL No. 1966, the actions in this docket share allegations that ambulatory pain pumps and/or the anesthetic drugs used in those pumps cause chondrolysis (*i.e.*, necrosis and destruction of cartilage).  Although the number of related actions has certainly grown, the issues that weighed against centralization in that earlier docket remain.  An indeterminate number of different pain pumps made by different manufacturers are still at issue, as are different anesthetics made by different pharmaceutical companies.  Most, if not all, defendants are named in only a minority of actions; and several defendants are named in but a handful of actions.[2]  Many actions involve no anesthetic manufacturers at all.

Also as with the actions in MDL No. 1966, individual issues of causation and liability continue to appear to predominate, and remain likely to overwhelm any efficiencies that might be gained by centralization.  According to defendants, pain pumps come in different sizes and designs, with differing volume, duration, and flow capacities.  The same anesthetic was not used in all surgeries.  Plaintiffs have different medical histories (indeed, some have undergone more than one surgery involving a pain pump).[3]

Finally, the constituent actions are at widely varying procedural stages.  In many, fact discovery is either over or nearly over.  The record shows that expert discovery is underway or has been completed in a number of actions.[4]  Although movants and other plaintiffs favoring centralization argue that defendants have stymied their efforts to streamline discovery, that argument is undercut by the multiple requests to exclude certain actions on the ground that they are too advanced to warrant inclusion in an MDL.  Given all these circumstances, we are still unconvinced that centralization would serve the convenience of the parties or promote the just and efficient conduct of the litigation, taken as a whole.

---

[2]   For example, the AstraZeneca entities are defendants in fewer than twenty of the constituent actions; Breg, Inc., is a defendant in fewer than fifteen of the actions; Pacific Medical, Inc., is a defendant in only four actions; and the Zimmer defendants are named in only one action.

[3]   Although proponents of centralization argue that the scientific data and clinical studies demonstrate that the continuous infusion of anesthetic into the joint space destroys cartilage, the record indicates that the science is, in fact, not so certain.  In a November 2009 bulletin concerning 35 reports of chondrolysis in patients who received such infusions, the FDA stated: "It is not known which specific factor or combination of factors contributed to the development of chondrolysis in these cases."

[4]   In several of the District of Oregon actions, for example, the court conducted a *Daubert* hearing over two days last November, and resumed that hearing this past month.

- 4 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr.[*] |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager[*] |

IN RE: AMBULATORY PAIN PUMP-CHONDROLYSIS
PRODUCTS LIABILITY LITIGATION                        MDL No. 2139


## SCHEDULE A


Northern District of Alabama

Paul W. Westbrook v. DJO, Inc., et al., C.A. No. 5:08-263

District of Arizona

Jessica N. Lopez v. I-Flow, Inc., et al., C.A. No. 2:08-1063
Cole D. Chapman v. DJO, LLC, et al., C.A. No. 2:08-1064
Andrew Gilmore, et al. v. DJO, Inc., et al., C.A. No. 2:08-1252
Matthew B. Goldstein v. I-Flow, Inc., et al., C.A. No. 2:08-1859
Julie A. Eggler v. I-Flow, Inc., et al., C.A. No. 2:09-40
Dianne L. Engle v. Stryker Corp., et al., C.A. No. 2:09-41
Anthony B. Hannigan v. I-Flow, Inc., et al., C.A. No. 2:09-42
Linda Relkin, et al. v. I-Flow, Inc., et al., C.A. No. 2:09-44
Duane Hjelt v. I-Flow, Inc., et al., C.A. No. 2:09-64
Laura E. Ashworth, et al. v. I-Flow Corp., et al., C.A. No. 2:09-721
Sheri L. Patrick, et al. v. I-Flow Corp., et al., C.A. No. 2:09-723
Kevin Hines, et al. v. I-Flow Corp., et al., C.A. No. 2:09-2189
Tyler Benson v. Stryker Corp., C.A. No. 4:08-351
Erin Whitney Grandy Moore v. Breg, Inc., C.A. No. 4:09-27
Ray Wilson v. Stryker Corp., et al., C.A. No. 4:09-539

Central District of California

Kent J. Klawer v. SMI Liquidating, Inc., et al., C.A. No. 2:08-4991

Eastern District of California

Adam Phillippi, et al. v. AstraZeneca Pharmaceuticals, LP, et al., C.A. No. 2:08-2445
Terri Lynn Todd v. Stryker Corp., et al., C.A. No. 2:09-1509
Julie M. Combs, et al. v. Stryker Corp., et al., C.A. No. 2:09-2018

District of Colorado

Stacey Ann Hansen v. DJO, Inc., et al., C.A. No. 1:08-365
Vinton Theiss, et al. v. I-Flow, Inc., et al., C.A. No. 1:08-2606
Cressa Sullivan v. I-Flow Corp., et al., C.A. No. 1:08-2648
Christina Pavelko v. Breg, Inc., C.A. No. 1:09-1461
Kevin Hoy v. I-Flow Corp., et al., C.A. No. 1:09-2580

- A2 -

**MDL No. 2139 Schedule A (Continued)**

<u>Middle District of Florida</u>

Davis A. Prickett v. Stryker Corp., et al., C.A. No. 8:09-992

<u>Northern District of Florida</u>

Suzette Martin, et al. v. I-Flow Corp., C.A. No. 3:08-127

<u>Southern District of Indiana</u>

Joseph D. Essex, et al. v. I-Flow Corp., C.A. No. 1:09-1380

<u>Western District of Kentucky</u>

Kris Prather v. Stryker Corp., et al., C.A. No. 3:09-573

<u>District of Minnesota</u>

Shari Martinac, et al. v. I-Flow Corp., et al., C.A. No. 0:08-5035
Jaimee Fougner v. I-Flow Corp., et al., C.A. No. 0:08-5157
Katie Todd, et al. v. I-Flow Corp., et al., C.A. No. 0:08-6178
Nicole Stapleton Foley, et al. v. I-Flow Corp., et al., C.A. No. 0:08-6197
Kathy Ivey, et al. v. McKinley Medical, LLC, et al., C.A. No. 0:08-6407
April M. Murrell, et al. v. Zimmer, Inc., et al., C.A. No. 0:09-757
Jeanie A. Hendricks, et al. v. DJO, LLC, et al., C.A. No. 0:09-931
Anita McGinness, et al. v. DJO, LLC, et al., C.A. No. 0:09-1174
Robert L. Huggins, et al. v. Stryker Sales Corp., et al., C.A. No. 0:09-1250
Mary J. Block v. McKinley Medical, LLC, et al., C.A. No. 0:09-1332
Daniel Krizan v. DJO, LLC, et al., C.A. No. 0:09-1341
Craig R. Anderson v. DJO, LLC, et al., C.A. No. 0:09-1673
Wesley Crawford v. DJO, LLC, et al., C.A. No. 0:09-1674
Joel V. Haymes v. DJO, LLC, et al., C.A. No. 0:09-1675
Henry Wheeler v. Breg, Inc., et al., C.A. No. 0:09-1692
Sylvester Ishmael v. DJO, LLC, et al., C.A. No. 0:09-1693
Joshua H. Voller v. I-Flow Corp., et al., C.A. No. 0:09-1906
James Forslund v. Stryker Corp., et al., C.A. No. 0:09-2134
Tara R. Davis v. I-Flow Corp., et al., C.A. No. 0:09-2504
Marilyn D. Reynolds v. DJO, LLC, et al., C.A. No. 0:09-2706
Gina K. Bass v. DJO, LLC, et al., C.A. No. 0:09-2707
Jennifer E. Prettyman v. Stryker Sales Corp., et al., C.A. No. 0:09-2794
Michael B. Bonander v. Breg, Inc., et al., C.A. No. 0:09-2795
Thomas H. Stiltner v. Stryker Corp., et al., C.A. No. 0:09-2796

- A3 -

**MDL No. 2139 Schedule A (Continued)**

District of Minnesota (Continued)

Randall D. Collins v. I-Flow Corp., et al., C.A. No. 0:09-2816
Carlos R. Flores-Espinoza v. Breg, Inc., et al., C.A. No. 0:09-2817
Christi L. Fielding v. Stryker Sales Corp., et al., C.A. No. 0:09-2865
Susan A. Newman v. Stryker Sales Corp., et al., C.A. No. 0:09-2866
Katherine M. Baker v. DJO, LLC, et al., C.A. No. 0:09-2898
Jeffrey L. Quibell v. Stryker Sales Corp., et al., C.A. No. 0:09-2899
Wesley A. Kay v. I-Flow Corp., et al., C.A. No. 0:09-3012
Adam J. Cramlet v. I-Flow Corp., et al., C.A. No. 0:09-3169

Southern District of Mississippi

Darryl Campbell v. I-Flow Corp., C.A. No. 1:08-168

District of Nevada

Rebecca Graham, et al. v. I-Flow Corp., et al., C.A. No. 2:09-531
Jack Frobes, et al. v. Stryker Corp., et al., C.A. No. 3:09-554

District of New Jersey

Mark Yodice v. Stryker Corp., et al., C.A. No. 3:09-3896

District of New Mexico

Sherrie Bailey v. I-Flow Corp., et al., C.A. No. 1:09-531

Eastern District of North Carolina

Sarah E. Atwell v. DJO, Inc., et al., C.A. No. 5:08-346
Corissa R. Allison, et al. v. DJO, Inc., et al., C.A. No. 5:08-549

Northern District of Ohio

Deborah L. Mayle, et al. v. Stryker Corp., et al., C.A. No. 5:09-1991
Allen Crisp v. Stryker Corp., et al., C.A. No. 5:09-2212

Southern District of Ohio

Rachel Krumpelbeck v. Breg, Inc., et al., C.A. No. 1:09-91
Amy West, et al. v. I-Flow Corp., C.A. No. 1:09-98

- A4 -

**MDL No. 2139 Schedule A (Continued)**


Southern District of Ohio (Continued)

Willie Miller v. Stryker Corp., et al., C.A. No. 1:09-588
Brittany Hamilton, et al. v. Breg, Inc., et al., C.A. No. 2:09-146
Kaid C. Musgrave, et al. v. Breg, Inc., et al., C.A. No. 2:09-1029
Wesley Stichweh v. Stryker Corp., et al., C.A. No. 3:08-370

Western District of Oklahoma

Joe C. Smock v. I-Flow Corp., C.A. No. 5:08-1077

District of Oregon

Christina McClellan v. I-Flow Corp., et al., C.A. No. 6:07-1309
Gregory Turner, et al. v. Stryker Corp., et al., C.A. No. 6:07-1310
Gordon J. Addis v. McKinley Medical, LLC, et al., C.A. No. 6:07-1318
Caleb Huggins, et al. v. Stryker Corp., et al., C.A. No. 6:07-1671
Danny E. Arvidson, et al. v. DJO, LLC, et al., C.A. No. 6:08-478
John Eric Butler v. Stryker Corp., et al., C.A. No. 6:08-588
Joann Stoeher v. I-Flow Corp., C.A. No. 6:08-1012
Donna Snodgrass, et al. v. I-Flow Corp., et al., C.A. No. 6:08-1387
Eric J. Schoenborn, et al. v. Stryker Corp., et al., C.A. No. 6:08-1419
Elizabeth D. Cronin v. I-Flow Corp., C.A. No. 6:09-146
Ivy Lee Y. Natividad, et al. v. Stryker Corp., et al., C.A. No. 6:09-378

Eastern District of Pennsylvania

Derek Giangiulio v. I-Flow Corp., C.A. No. 2:08-2878
Glen Gore, et al. v. Stryker Corp., et al., C.A. No. 2:09-2987
Allison Foret v. Stryker Corp., et al., C.A. No. 2:09-2991
Nathan Geesey v. Stryker Corp., et al., C.A. No. 5:09-2988

Western District of Pennsylvania

Donna J. Lawton, et al. v. Advanced Infusion, Inc., et al., C.A. No. 2:09-1197

District of South Dakota

Marcus J. Suhn v. Breg, Inc., et al., C.A. No. 4:08-4190
Kelly J. Koch v. Breg, Inc., et al., C.A. No. 4:08-4193

- A5 -

**MDL No. 2139 Schedule A (Continued)**


       Eastern District of Tennessee

Terry A. Hill v. Stryker Corp., et al., C.A. No. 3:08-295
Randi C. Brostean v. Stryker Corp., et al., C.A. No. 3:08-406

       Middle District of Tennessee

Andrew Scott Rodriguez v. Stryker Corp., et al., C.A. No. 2:08-124

       Western District of Tennessee

Kimberly Dawn Evans, et al. v. DJO, LLC, et al., C.A. No. 2:09-2515

       District of Utah

Erika Creech, et al. v. Stryker Corp., et al., C.A. No. 1:07-22
Amanda Bennett v. Stryker Corp., et al., C.A. No. 2:08-937
Ryan Goodrich, et al. v. I-Flow Corp., et al., C.A. No. 2:09-269